United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Regions Bank, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-22034-Civ-Scola |
| | ) |
| NBV Loan Acquisition Member, LLC and others, Defendants. | ) |

### Order Dismissing Case

This case is before the Court upon an independent review. Through this case, Plaintiff Regions Bank seeks to collect on two supplemental judgments, entered by a bankruptcy court, awarding attorney's fees to Regions, against non-party NBV Loan Acquisition, LLC (the "Loan Acquisition Company"). (Compl. ¶¶ 1, 91, 97, 129, ECF No. 1.) The first of these fees judgments was issued in January 2020, awarding Regions $3,736,606.10 (*id.* ¶ 64); the second, in May 2022, after the Loan Acquisition Company lost its appeal in the underlying litigation, awarding Regions another $215,166.50 in fees (*id.* ¶ 66). To collect on these judgments, Regions brought this action to (1) pierce the corporate veil in order to hold Defendants Allen Greenwald and NBV Loan Acquisition Member, LLC, liable for the fees judgments under an alter ego theory; and (2) establish liability against all the Defendants based on fraudulent transfers. This, however, is Regions' second attempt to seek relief, under these same theories and against these same defendants. In its first case, however, still pending before United States District Court Judge Federico A. Moreno, filed in October 2021, Regions initially sought relief only on the first fees judgment. *Regions v. NBV Loan Acq. Member*, 1:21-cv-23578-FAM, Compl. ECF No. 1 (S.D. Fla. Oct. 12, 2021) ("*Regions I*"). But, because this case, *Regions II*, essentially involves the same parties and arises from the same nucleus of operative facts as *Regions I*, the Court **dismisses** it, **with prejudice** (with one exception, as explained below), for improper claims splitting.

"[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017). This concept, referred to as claim-splitting, "is an offshoot of res judicata that is concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments." *O'Connor v. Warden, Florida State Prison*, 754 F. App'x 940, 941 (11th Cir. 2019) (cleaned up). "The claim-splitting doctrine applies where a second suit has been filed before the first suit has reached a final judgment."

*Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, 8:07-CV-227-T-27TGW, 2008 WL 759095, at *6 (M.D. Fla. Mar. 20, 2008) (cleaned up). The doctrine serves "to promote judicial economy and shield parties from vexatious and duplicative litigation while empowering the district court to manage its docket." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021). The doctrine, ultimately, "serves to foster judicial economy and efficiency, and to protect parties from the vexation of concurrent litigation over the same subject matter." *Id.* (cleaned up). In evaluating whether a case is duplicative of another, a court must find "(1) mutuality of the parties and their privies, and; (2) whether separate cases arise from the same transaction or series of transactions." *O'Connor*, 754 F. App'x at 941 (cleaned up). To determine whether "successive causes of action arise from the same transaction or series of transactions," a court looks at whether "the two actions are based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842.

      Both elements are readily met here. First, Regions is the plaintiff in both cases and all the defendants in *Regions II* are also defendants in *Regions I*. Second, the complaints in both cases are nearly identical, albeit with some exceptions. The vast majority of those exceptions, however, are inconsequential, for current purposes, merely adding allegations which appear aimed at shoring up constructive-fraud claims which were dismissed based on a failure to state a claim in *Regions I*. (*See, e.g.*, Compl. ¶¶ 28, 38–39, 53, 57, 68, 70, 74, 79, 86–88, 105, 114, 123.) Notably, the demands for judgment on seven of the eight counts in this case are identical to the demands set forth on those counts in *Regions I*. Ultimately, none of the additional facts or variations—all of which concern events that occurred before the filing of *Regions I* and all of which, it appears, Regions was fully aware—changes the Court's conclusion that, at bottom, this case is still based on the same nucleus of operative facts as *Regions I*.

      On the other hand, Regions has also tacked on, here, in addition to the first fees judgment, the second fees judgment, awarded by the bankruptcy court in May 2022. Significantly, this additional fact does not change the Court's analysis that the factual bases for both lawsuits are, fundamentally, "related in time, origin, and motivation," "form[ing] a convenient trial unit." *Vanover*, 857 F.3d at 842. Indeed, even Regions has acknowledged, in *Regions I*, that the addition of the second fees judgment merely "increases [the Loan Acquisition Company's] judgment debt for which Regions is attempting to recover." *E.g.*, *Regions I*, Pl.'s Mot. for Recon., ECF No. 53, 16 (S.D. Fla. May 6, 2022); *see also id.*, Pl.'s Reply, ECF No. 65, 8 ("The supplement is directly related to the subject matter of the existing pleading and does not change any legal theories or add any new parties."). Nonetheless, the Court recognizes a minor wrinkle: Regions' attempt to supplement its pleading, to include the second fees judgment,

appears to have met some resistance in the ongoing *Regions I* litigation. *See Regions I*, Order, ECF No. 74 (S.D. Fla. June 30, 2022) (paperless order denying Regions' motion for reconsideration and leave to supplement); Defs.' Jt. Resp., ECF No. 61 (S.D. Fla. June 16, 2022) (opposing Regions' request to supplement). But because there has been no final judgment on that issue and trial in *Regions I* is not set to commence until January 2023, at the earliest, Regions still has abundant opportunity to either conform the pleadings to the evidence or to otherwise raise its alleged entitlement to the second fees judgment in *Regions I*. In other words, at this juncture, allowing this case to proceed here would result in clearly duplicative litigation, leading to a piecemeal, inefficient, and possibly inconsistent resolution of the parties' disputes.

Conversely, to the extent that Regions' ability to litigate its claims as to the second fees judgment in *Regions I* is ultimately foreclosed, through no fault of its own, the Court carves out that narrow issue from this order. That is, to the extent Regions is ultimately unable to litigate its claim to the second fees judgment in *Regions I*—despite its demonstrated diligence of trying to do so—Regions may refile its complaint, as to the second fees judgment only, and then, if it is not initially assigned to this Court, request transfer of that case, if it chooses to, to this Court. Any remaining applicable claim or issue preclusion principles can be evaluated at that time, in light of the outcome of the *Regions I* litigation.

Accordingly, in exercising its discretion to do so, the Court **dismisses** Regions' case, **with prejudice**, *Vanover*, 857 F.3d at 837, 842–43 (affirming district court's dismissal of case, with prejudice, for claim splitting), except as to the minimal carve out for the second-fees-judgment issue, detailed above, which the Court dismisses **without prejudice**: Regions may raise that issue anew, within the parameters set forth in this order.

The Court directs the Clerk to **close** this case. All pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on July 7, 2022.

_____
Robert N. Scola, Jr.
United States District Judge